**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jami Powell and Encore Technology Group, LLC,
Plaintiffs,

Of which Encore Technology Group, LLC, is the
Appellant,

v.

Clear Touch Interactive, Inc. (a Nevada Corporation)
f/k/a Clear Touch Interactive, LLC (a Nevada LLC);
Keone Trask and Tamara Trask, Respondents.

Appellate Case No. 2019-000530

———————————

Appeal From Greenville County
R. Lawton McIntosh, Circuit Court Judge

———————————

Unpublished Opinion No. 2021-UP-418
Heard September 15, 2021 – Filed November 24, 2021

———————————

**AFFIRMED**

———————————

Gregory Jacobs English and Rita Bolt Barker, both of
Wyche, PA, of Greenville, for Appellant.

Joseph Owen Smith and Joshua Jennings Hudson, both of
Smith Hudson Law, LLC, of Greenville, for
Respondents.

**HEWITT, J.:**  This case was heard along with a consolidated appeal of two other cases.  We decided the consolidated cases in a separate opinion.

This is a shareholder oppression case.  It was originally brought against a company (Clear Touch Interactive) and two of its officers (Keone and Tamara Trask) by Jami Powell, one of the company's original members.  Powell claimed the company was not validly reorganized from an LLC into a corporation.  Another company (Encore Technology Group—we refer to it simply as Encore) intervened in the case as the holder of an unsatisfied judgment against Keone Trask.

The circuit court granted Encore's motion to intervene but later dismissed Encore after finding that Trask paid the full amount of Encore's judgment into court.  Here, Encore argues that the court impermissibly modified Encore's judgment against Trask and erred in finding that Trask satisfied the judgment.

The original judgment—entered at the conclusion of one of the consolidated cases mentioned above—held that both Trask and Clear Touch would have to separately pay Encore roughly $850,000 in exemplary damages for misappropriation of trade secrets.  When the circuit court dismissed Encore from this case, the court held Trask and Clear Touch were jointly and severally liable for a single exemplary award of $850,000.  Obviously, this was a significant reduction.

Encore argues the circuit court could not modify the original judgment because that judgment was entered in a separate case that was already on appeal.  Encore also argues that even if the circuit court *could* modify that judgment, it was an error of law to do so because the circuit court supposedly construed the Trade Secrets Act in a manner inconsistent with the statute's plain language and with the law on punitive damages.

In our opinion on the consolidated cases, we held Encore must elect between some of the multiple awards it won against Trask.  That holding controls here.  Because we presume Encore will not elect to recover on the trade secrets claim, any modifications the circuit court made to the judgment against Trask on that claim are irrelevant.  Additionally, because both Clear Touch and Trask have paid amounts sufficient to satisfy the enforceable judgments against them into court, any issue regarding Encore's dismissal as intervener is likewise no longer relevant.  As these grounds are dispositive, we need not address the substance of Encore's remaining

arguments.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999).

**AFFIRMED.**

**KONDUROS and HILL, JJ., concur.**